**WO** TCK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Edward Goldwater, | No. CV 06-1784-PHX-SMM (DKD) |
| Plaintiff, | **ORDER** |
| vs. | |
| Joseph Arpaio, | |
| Defendant | |

This is a civil rights action pursuant to 42 U.S.C. § 1983 filed by an inmate previously confined in the Maricopa County Jail in Phoenix, Arizona. By order of the Court filed on July 28, 2006, the Complaint was dismissed with leave to amend (Doc. #4). On August 9, 2006, Plaintiff filed an Amended Complaint (Doc. #6).

**I. Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the Plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). The Court also must dismiss a complaint or portion thereof if Plaintiff fails to exhaust any administrative remedy available to him. 42 U.S.C. § 1997e(a).

**JDDL-K**

## II. Pending Motion

Pending before the Court is Plaintiff's Motion For Change of Judge (Doc. #3). Shortly after filing this action, Plaintiff moved for change of judge pursuant to 28 U.S.C. §§ 144, 455(a), (b). Plaintiff has failed to provide any basis for his motion, he simply "moves for a change of judge."

Under 28 U.S.C. § 455(a), a judge must disqualify himself if a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might be questioned. United States v. Wilkerson, 208 F.3d 794, 797 (9th Cir. 2000), cert. denied, 531 U.S. 1182 (2001). Application of this standard is entrusted to the sound discretion of the judge. U.S. v. Sibla, 624 F.2d 864, 867-68 (9th Cir. 1980). Whether the judge's conduct is derived from an extrajudicial source is an important factor in the analysis. Liteky v. U.S., 510 U.S. 540, 554-55 (1994) (citation omitted). "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion." Id. at 555.

> In and of themselves (*i.e.,* apart from surrounding comments or accompanying opinion), [judicial rulings] cannot possibly show reliance upon an extrajudicial source; and can only in the rarest circumstances evidence the degree of favoritism or antagonism required []when no extrajudicial source is involved. Almost invariably, they are proper grounds for appeal, not for recusal.

Liteky., 510 U.S. at 555 (1994) (citation omitted). See also Wilkerson, 208 F.3d at 797 (a judge's views on legal issues may *not* serve as a basis for disqualification). Plaintiff has made no mention of any factors to indicate lack of impartiality or any other factors. His motion fails to meet § 455 standards.

Similarly, his motion fails under § 144. Under 28 U.S.C. § 144, if the litigant presents a timely and sufficient affidavit, the motion must be referred to another judge for determination. See Sibla, 624 F.2d at 867, 868. Plaintiff has not submitted an affidavit. See id. at 868 (affidavit must specifically allege facts serving as basis for recusal). The motion therefore does not require referral. In addition, the lack of a good faith certification as required by § 144 also renders Plaintiff's request insufficient. The motion will be denied. Accordingly, the Court will address statutory screening of Plaintiff's Amended Complaint.

## III. Amended Complaint

In Count I, Plaintiff alleges that while he was confined at the Maricopa County Jail, the conditions of confinement were extremely overcrowded, the living conditions were unsanitary and unhealthy, he was served unhealthy, rotten and nutritionally inadequate food and he was not provided adequate medical care. Plaintiff alleges that Defendant was aware of the overcrowded and filthy conditions but failed to correct the problem. Plaintiff also alleges that Defendant has a custom and policy of denying medical care to inmates in the intake area (Amend Compl. at 4).

In Count II, Plaintiff alleges that Defendant was aware that rotten meat, moldy bread and donated out-dated food was being served to inmates and he not only approved this policy but told the press about it. As a result of eating rotten food, Plaintiff alleges that he suffered gallstones, hepatitis, staff infections and dysentery.

In Count III, Plaintiff alleges that he suffered for months with gallbladder problems caused by the rotten food he consumed at the jail and Defendant refused to provide proper treatment. Plaintiff also alleges that he was refused treatment for back, neck and shoulder injuries caused by a fall at the jail. Plaintiff also alleges that he suffered the loss of several teeth and bleeding gums as a result of the inadequate medical care at the jail. Plaintiff contends that Defendant Arpaio has enacted a policy to cut medical costs and as a result inmates do not receive adequate medical care. Plaintiff contends that Defendant is aware that inmates do not receive adequate medical care.

The sole Defendant named in this action is Joseph Arpaio. Plaintiff seeks compensatory and punitive damages and injunctive relief. The Court will require an answer to the Amended Complaint.

## IV. Warnings

### A. Release

Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release. Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay

1 the balance or (2) show good cause, in writing, why he cannot.  Failure to comply may result
2 in dismissal.

### B.  Address Changes

Plaintiff must file and serve a notice of a change of address 10 days before the move is effective, if practicable.  See LRCiv 83.3(d).  Plaintiff must not include a motion for other relief with a notice of change of address.  Failure to comply may result in dismissal.

### C.  Copies

Plaintiff must serve Defendants, or counsel if an appearance has been entered, a copy of every document that he files.  Fed. R. Civ. P. 5(a).  Each filing must be accompanied by a certificate stating that a copy of the filing was served.  Fed. R. Civ. P. 5(d).  Also, Plaintiff must submit an additional copy of every filing for use by the Court.  LRCiv 5.4.  The Court may strike any filing that fails to comply with these requirements.

### D.  Possible Dismissal

Plaintiff is warned that failure to timely comply with every provision of this Order, including these warnings, may result in dismissal of this action without further notice.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1) That Plaintiff's Motion For Change of Judge (Doc. #3) is denied;

(2)  The Clerk of Court must send Plaintiff a service packet including the Amended Complaint (Doc. #6), this Order, and both summons and request for waiver forms for Defendant Arpaio.

(3)  Plaintiff must complete and return the service packet to the Clerk of Court within 20 days of the date of filing of this Order.  The United States Marshal will not provide service of process if Plaintiff fails to comply with this Order.

(4)  If Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and Amended Complaint on each Defendant within 120 days of the filing of the Amended Complaint or within 60 days of the filing of this Order, whichever is

later, the action may be dismissed as to each Defendant not served pursuant to Rule 4(m) of the Federal Rules of Civil Procedure and Local Rule of Civil Procedure 16.2(b)(2)(B)(i).

(5)  The United States Marshal must retain the Summons, a copy of the Amended Complaint, and a copy of this Order for future use.

(6) The United States Marshal must notify Defendants of the commencement of this action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal Rules of Civil Procedure.  The notice to Defendants must include a copy of this Order.  The Marshal must immediately file requests for waivers that were returned as undeliverable and waivers of service of the summons. If a waiver of service of summons is not returned by a Defendant within 30 days from the date the request for waiver was sent by the Marshal, the Marshal must:

 (a)  Personally serve copies of the Summons, Amended Complaint, and this Order upon  Defendant pursuant to Rule 4(e)(2) of the Federal Rules of Civil Procedure;

 (b)  Within 10 days after personal service is effected, file the return of service for Defendant, along with evidence of the attempt to secure a waiver of service of the summons and of the costs subsequently incurred in effecting service upon Defendant. The costs of service must be enumerated on the return of service form (USM-285) and must include the costs incurred by the Marshal for photocopying additional copies of the Summons, Amended Complaint, or this Order and for preparing new process receipt and return forms (USM-285), if required.  Costs of service will be taxed against the personally served Defendant pursuant to Rule 4(d)(2) and (5) of the Federal Rules of Civil Procedure, unless otherwise ordered by the Court.

(7) **A Defendant who agrees to waive service of the Summons and Amended Complaint must return the signed waiver forms to the United States Marshal not the Plaintiff.**

  (8) Defendants must answer the Amended Complaint or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

  (9) Any answer or responsive pleading must state the specific Defendant(s) by name on whose behalf it is filed. The Court may strike any answer, responsive pleading, or other motion or paper that does not identify the specific Defendant(s) by name on whose behalf it is filed.

  (10) This matter is referred to Magistrate Judge David K. Duncan pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for further proceedings.

  DATED this 27th day of September, 2006.

*[signature]*
Stephen M. McNamee
United States District Judge