**WO**  BL

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Edward Goldwater, | No. CV 06-1784-PHX-SMM (DKD) |
| Plaintiff, | **ORDER** |
| vs. | |
| Joseph Arpaio, | |
| Defendant. | |

Plaintiff Edward Goldwater filed an action pursuant to 42 U.S.C. § 1983 against Joseph Arpaio, Sheriff of Maricopa County (Doc. #6). Defendant thereafter filed a Motion to Dismiss Plaintiff's Complaint. (Doc. #11). After careful consideration, the Court will grant Defendant's motion.

**I.   Background**

In his Complaint dated July 11, 2006, Plaintiff alleged that his constitutional rights were violated by Defendant during his incarceration in the Maricopa County Madison Street Jail (Docs. ##1, 6) by virtue of (1) overcrowding; (2) an inadequate and tainted diet; and (3) deliberate indifference to his medical needs (Doc. #6). Defendant moved to dismiss the action on the grounds that it is barred by the requisite statute of limitations and because Plaintiff failed to exhaust his administrative remedies (Doc. #11).

...

...

...

## II.  Motion to Dismiss

### A.  Failure to Exhaust

Pursuant to 42 U.S.C. § 1997e(a) of the Prison Litigation Reform Act, a prisoner may not bring a lawsuit with respect to prison conditions under 42 U.S.C. § 1983 unless all available administrative remedies are exhausted. See Roles v. Maddox, 439 F.3d 1016, 1017 (9th Cir.), cert denied 127 S.Ct. 232 (2006). Exhaustion is mandated "regardless of the relief offered through administrative procedures." Booth v. Churner, 532 U.S. 731, 741 (2001). It is required in all inmate suits regarding prison life. Porter v. Nussle, 534 U.S. 516, 523 (2002). To be "properly exhausted," the prisoner "must complete the administrative review process in accordance with the applicable rules, including deadlines, as a precondition to bringing suit in federal court." Woodford v. Ngo, 126 S.Ct. 2378, 2384 (2006).

Defendant bears the burden of raising and proving the absence of exhaustion. Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). The Court considers exhaustion as a matter of abatement in an unenumerated Federal Rule of Civil Procedure 12(b) motion and "may look beyond the pleadings and decide disputed issues of fact." Id. at 1119-20. The Court has broad discretion as to the method to be used in resolving the factual dispute. Ritza v. Int'l Longshoremen's & Warehousemen's Union, 837 F.2d 365, 369 (9th Cir. 1988).

An inmate should seek to resolve a conflict through the Maricopa County Jail System's Inmate Grievance Procedures. An inmate who wishes to file a grievance will be provided a Grievance Form upon request and must submit the form to a detention officer. The unresolved grievance is forwarded to the Shift Supervisor, and then to the Hearing Officer. If the Hearing Officer is unable to resolve the grievance, the inmate may appeal his decision to the jail commander, whose decision may be appealed to an External Referee. The External Referee's decision is final (Doc. #11, ex. 1, attach. A).

If the inmate seeks to file a grievance regarding medical, dental, or psychiatric diagnoses, treatment, or care, the Hearing Officer promptly forwards the complaint to the charge nurse, who will respond to the inmate. The inmate may appeal the charge nurse's decision by filing an External Grievance Appeal, which is forwarded to the Contracted

Health Services Legal Liaison. The Legal Liaison's decision is final (Id.). Sergeant Susan Fisher attested that during Plaintiff's incarceration in Maricopa County jails in November 2002, he failed to file any inmate grievances (Id., ex. 1).

Plaintiff responded by arguing that he was originally arrested in 1999 at which time he submitted inmate grievances (Doc. #14). Plaintiff maintained that Fisher's affidavit is false (Id.). Plaintiff indicated that he filed multiple grievances, all of which were contained in a box that was confiscated during a search (Id.). Plaintiff contended that with regard to his medical claim, he was transferred to the Arizona Department of Corrections (ADC) before he could timely file an inmate grievance (Id.). Plaintiff introduced (1) various Inmate Medical Requests; (2) an inmate grievance form in which he complained about a tooth ache, which was resolved at the Jail Commander Level; and (3) inmate grievances in which he complained about the food, which were resolved at or before the Bureau Hearing Officer Level (Id.).

Plaintiff's evidence does not support a conclusion that Fisher's affidavit was false. Fisher attested that Plaintiff did not file any inmate grievances in November 2002. Plaintiff provided no evidence supporting a conclusion otherwise. Moreover, Plaintiff has not presented any evidence and nor does the record support his contention that he fully exhausted or grieved any of his claims. The record also demonstrates that Plaintiff had no available remedies as to his claim of deliberate indifference to his medical needs. Plaintiff alleged that he received inadequate medical treatment and then was immediately transferred to ADC custody. However, the grievance policies do not provide for Plaintiff to file grievances subsequent to being transferred. Accordingly, Defendant is not entitled to a dismissal of Plaintiff's claim of deliberate indifference to his medical needs based on his alleged failure to exhaust his administrative remedies because there were no administrative remedies available to Plaintiff at that time. Moreover, viewing the facts in the light most favorable to the Plaintiff as the Court is bound to do the Court will address Defendant's argument that Plaintiff's action is barred by the requisite statute of limitations period.

...

### B. Statute of Limitations

#### 1. Lost Documents

In ruling on whether to dismiss an action as time-barred, the Court accepts "all factual allegations of the complaint as true and draw all reasonable inferences in favor of the non-moving party." Morales v. City of Los Angeles, 214 F.3d 1151, 1153 (9th Cir. 2000). The Court may grant a "motion to dismiss on statute of limitations grounds 'only if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled.'" Id. (internal quotations omitted).

Plaintiff contends that equitable tolling applies from May 2002 through June 2006, because during that time period, Plaintiff did not have access to three of six "legal boxes". According to Plaintiff, in May 2002, the prison conducted a quarterly shakedown (search) of his cell, during which time guards found a paperclips in one of his six legal boxes. Because paperclips may be considered contraband, all six boxes were removed from his cell for a more thorough search. Two weeks later, Plaintiff received three boxes back with a verbal reprimand for possessing paperclips. He was told that the other three boxes were destroyed because they contained contraband. However, in June 2006, Petitioner was asked to pick up two of the three boxes he was previously told had been destroyed. The third box remains "missing." The two recovered boxes allegedly contain information relevant to the matter presently before the Court.

Plaintiff has failed to establish why the confiscation of the boxes is relevant to the tolling a civil action. Furthermore, even assuming that the confiscation amounted to misconduct on the part of officers, Plaintiff has failed to show that any such alleged misconduct proximately caused him to fail to file the instant action in a timely manner. Notwithstanding the allegation that three boxes of Petitioner's legal documents were missing between May 2002 and June 2006, Plaintiff still managed to file the following criminal documents in state court with respect to CR99-011600: a *pro se* petition for review of his first Petition for PCR on December 18, 2002; a second *pro se* PCR notice and Petition on June 19, 2003; a *pro se* petition for review on August 15, 2003; a third *pro se* PCR Notice

1 on December 12, 2003; and a *pro se* petition for review on January 23, 2004.  Moreover, 2 Plaintiff filed and amended a Petition on June 29, 2005 and September 25, 2005 – eleven and 3 nine months *before* two of his three boxes were recovered.[1]  Given this evidence, 4 Petitioner's bare assertion that he was unable to "fight [his] legal cases" because three boxes 5 of documents were missing between May 2002 and June 2006 fails to demonstrate a causal 6 relationship between the missing boxes and his failure to timely file a civil action for which 7 a Complaint requires no citation to case law and, furthermore, does not require the 8 attachment of any evidence or documentation that may allegedly be stored in a missing box.

9 Each of Plaintiff's arguments for tolling calls for an unprecedented extension of the 10 principles of equitable tolling, which this Court must reject under prevailing Ninth Circuit 11 jurisprudence.  See Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003) ("[e]quitable tolling 12 is justified in few cases," and "the threshold necessary to trigger equitable tolling [under 13 AEDPA] is very high, lest the exceptions swallow the rule") (alteration in original).

14 **2. Unsound Mind**

15 "Section 1983 does not contain its own statute of limitations."  TwoRivers v. Lewis, 16 174 F.3d 987, 991 (9th Cir. 1998).  Therefore, the Court borrows Arizona's two year statute 17 of limitations.  Id.  "A claim accrues when the plaintiff knows or has reason to know of the 18 injury which is the basis of the action."  Id.  The Court also borrows Arizona's tolling rules. 19 Id. at 992.  Under Arizona law, the limitations period may toll when the plaintiff is of 20 unsound mind, that is, when the "person is unable to manage his affairs or to understand his 21 legal rights or liabilities."  Doe v. Roe, 191 Ariz. 313, 326, 955 P.2d 951, 964 (Ariz. 1988). 22 However, in order to demonstrate that he is entitled to the tolling of the limitations period due 23 to  unsound  mind,  the  plaintiff  must  come  forth  with  "specific  facts—hard

---

[1] Moreover, according to the Court's records, during the period of time that Plaintiff claims he was unable to file the instant action, Plaintiff managed to file numerous other civil documents with the Court. *See* cases numbered 00-835-SMM-DKD; 00-1093-SMM-DKD; 01-1203-SMM-DKD; 01-2092-SMM-DKD; 03-0271-SMM-DKD. Furthermore, Mr. Goldwater has been a named Plaintiff in twenty actions in this Court since 1995.

evidence—supporting the conclusion of unsound mind," and may not simply rely on conclusory averments. Id

In support of his claim of unsound mind, Plaintiff argued that he was physically abused by his wife and thus "non corpus mentis" (Docs. ##14, 17). Plaintiff filed a pleading with the Court which he referred to as "Plaintiff's proof that he is non corpus mentis". He notified the Court that he was releasing all of his medical and psychiatric records to the Court (Doc. #17). Plaintiff, however, has not provided the Court with any of these records. Plaintiff merely stated that he was unable to file the action due to his mental disability, but has provided no evidence supporting that averment. Thus, because Plaintiff has not come forth with "specific facts—hard evidence—supporting the conclusion of unsound mind," see Doe, 191 Ariz. at 326, 955 P.2d at 964, he has failed to demonstrate that the limitations period tolled during any period of alleged mental incapacity. Accordingly, Defendant's Motion to Dismiss Plaintiff's Complaint as time-barred will be **GRANTED**.

**III. Conclusion**

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss (Doc. # 11) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall enter a judgment of dismissal accordingly.

DATED this 30th day of May, 2007.

Stephen M. McNamee
United States District Judge

- 6 -